IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS PENDEGRAFT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 17-CV-447-SMY-RJD |
| J. CAMPANELLA, NURSE STAFFORD, KEVIN MURPHY, MICHAEL ADAMS, DOCTOR ALPHONSO DAVID, NURSE PRACTITIONER BLAKE, WEXFORD HEALTH CARE SERVICE, and W. RANKIN, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**YANDLE, District Judge**

This matter is before the Court on the Report and Recommendation ("Report") of United States Magistrate Judge Reona J. Daly (Doc. 114), recommending that the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants' Adams, Blake, David, Rankin, and Wexford Health Care Services' be granted in part and denied in part. Both parties filed untimely objections. Defendants' objections were filed on September 17, 2018 (Doc. 115), and Plaintiff's objections were filed on September 24, 2018 (Doc. 114). For the following reasons, Judge Daly's Report is **ADOPTED**.

Objections to the Report were due on September 14, 2018. *See* FED.R.CIV.P. 72(b) (providing objections are due 14 days after service). Defendants were served with the Report electronically, through CM/ECF. Therefore, they are not entitled to benefit from the 3-day mailing period contained in Rule 6(d). Service of the Report on Defendants was instant, and objections were due 14, not 17 days thereafter. Thus, Defendants' objections were filed 3 days late. Plaintiff,

who receives and files documents by mail, was required to file his objections by September 17, 2018. His objections were filed a week late. Neither party requested or was granted an extension of time to file objections. The failure to file timely objections results in waiver of the right to challenge the findings and conclusions of the magistrate judge. *See Tumminaro v. Astrue*, 671 F.3d 629, 633 (7th Cir. 2011); *Video Views, Inc. v. Studio 21, Ltd.*, 797 F2d 538, 539 (7th Cir. 1986).

When neither timely nor specific objections to a Report and Recommendation are made, the Court need not conduct a *de novo* review of the Report. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court reviews the Report for clear error. *Johnson v. Zema Systems Corp.,* 170 F.3d 734, 739 (7th Cir. 1999). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Here, Judge Daly thoroughly discussed and supported her conclusion that Plaintiff failed to exhaust his administrative remedies as to Defendant Adams but did exhaust as to the remaining Defendants. The Court finds no error with Judge Daly's findings, analysis or conclusions, and adopts her Report and Recommendation in its entirety.[1]

Accordingly, the Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed by Defendants' Adams, Blake, David, Rankin, and Wexford Health Care Services (Doc. 104) is **GRANTED in part and DENIED in part.** Plaintiff's claim against Defendant Adams is **DISMISSED without prejudice.** Plaintiff shall proceed on Count 1 against Defendants Campanella, Stafford, Murphy, David, Blake, Rankin and Wexford.

**IT IS SO ORDERED.**

**DATED: March 25, 2019**

**s/ Staci M. Yandle**
**STACI M. YANDLE**
**United States District Judge**

---

[1] Even if this Court were to conduct a *de novo* review, the result would be the same.