IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS PENDEGRAFT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 17-CV-447-SMY-RJD |
| JEANNE CAMPANELLA, TRACIE SANFORD, KEVIN MURPHY, ALPHONSO DAVID, BLAKE WOODS, WEXFORD HEALTH SOURCES, INC., and WILLIAM RANKIN, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

United States Magistrate Judge Reona J. Daly issued a Report and Recommendation ("Report") (Doc. 114) recommending that the motion for summary judgment for failure to exhaust administrative remedies (Doc. 104) be granted in part and denied in part. The Report was adopted after the parties filed objections which were untimely and not considered (Doc. 122). Defendants now seek reconsideration of that Order (Doc. 123). The Motion to Reconsider is **GRANTED**. However, after considering Defendants'[1] objections, Judge Daly's Report (Doc. 115) is **ADOPTED in its entirety**.

## Background

Plaintiff Curtis Pendegraft is proceeding pursuant to 42 U.S.C. § 1983 on a deliberate indifference to medical needs claim against the defendants for failing to provide adequate medical care for his osteomyelitis and MRSA at Vienna and Shawnee from July 2015 through July 2017

---

[1] The Clerk of Court is **DIRECTED** to modify the docket sheet to reflect the true spelling of Defendants' names as set forth in the caption of this Order.

(Docs. 9, 40, and 41). Defendants Adams, Wood, David, Rankin and Wexford Health Care Services moved for summary judgment for failure to exhaust administrative remedies (Doc. 104). Plaintiff did not file a response.

Judge Daly issued a Report setting forth the evidence presented by the parties on the issue of exhaustion, the applicable law, the requirements of the administrative process, and her conclusions (Doc. 114). She concluded that Plaintiff failed to exhaust his administrative remedies as to Defendant Adams but did exhaust as to Defendants Woods, David, Rankin, and Wexford. As a result, she recommended that the claim against Adams be dismissed without prejudice.

## Discussion

Because Defendants' objections will now be considered, this Court must undertake a *de novo* review of Judge Daly's findings and recommendations. 28 U.S.C. § 636(b)(1)(B), (C); FED. R. CIV. P. 72(b); SDIL-LR 73.1(b); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). De novo review requires the district judge to "give fresh consideration to those issues to which specific objections have been made" and make a decision "based on an independent review of the evidence and arguments without giving any presumptive weight to the magistrate judge's conclusion." *Mendez v. Republic Bank*, 725 F.3d 651, 661 (7th Cir. 2013). The Court "may accept, reject or modify the magistrate judge's recommended decision." *Id.* Consistent with these standards, the Court has reviewed Judge Daly's Report de novo.

The Prison Litigation Reform Act requires prisoners to exhaust all available administrative remedies before filing suit. 42 U.S.C. § 1997e(a). Proper exhaustion requires that inmates file complaints and appeals in the place, at the time, and in the manner the prison's administrative rules require. *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002). Illinois' Administrative Code specifies that a grievance must contain "factual details regarding each aspect of the offender's

complaint, including what happened, when, where, and the name of each person who is the subject of or who is otherwise involved in the complaint." 20 Ill.Admin.Code § 504.810 (2016).

In Plaintiff's June 4, 2016 grievance, Plaintiff stated that he was seen by Defendant Blake about his wound and MRSA infection on April 8, 2016. He was given instructions regarding the infection and given medication but was not told to stop working in the kitchen or to be isolated due to the contagious infection. Plaintiff complained that Blake failed to follow the instructions on the lab report by failing to isolate him from others. In the same grievance, Plaintiff also complained that Defendant David did not see him for his MRSA infection prior to his transfer to East Moline CC and that Blake only saw him one time. Finally, Plaintiff stated that he had been dealing with this problem since March 1, 2015.

In a second grievance dated June 28, 2017, Plaintiff stated that Defendant Rankin failed to provide adequate medical care. He further stated that he had suffered multiple infections over a number of years and that he should have been seen by a specialist.

Defendants argue these grievances fail to exhaust because they did not set forth all or the exact same allegations and facts made in the Complaint. Grievances should provide the prison with "a fair opportunity to address his complaint." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011). However, they are not meant to mirror Complaints filed in federal court nor is a plaintiff required to set forth every theory of relief that he may present in a Complaint or to identify every defendant later sued. *See Jones v. Bock*, 549 U.S. 199, 219 (2007). Each of these grievances set forth Plaintiff's concerns about his hip condition and MRSA infection and the lack of adequate medical care provided by Blake, David, and Rankin. He also generally complained that his conditions were not treated adequately for a number of months, which implicates Wexford's policies. That Plaintiff did not fully articulate every cause of action, every fact suggesting a lack

of adequate medical care, or every policy he believes is unconstitutional, did not deprive the institution of the opportunity to address his concerns. In response to the grievances, the Health Care Unit reviewed Plaintiff's medical records and relayed those records to the grievance officer and the Administrative Review Board. In rejecting the grievances, Plaintiff was informed his medical records revealed that he was receiving adequate medical care. These grievances were therefore sufficient to exhaust Plaintiff's claims against Woods, David, Rankin, and Wexford that his medical conditions were not being treated adequately.

## Conclusion

For the foregoing reasons, the Motion to Reconsider is **GRANTED** (Doc. 123). Nevertheless, as set forth in this Court's previous Order (Doc. 122), Judge Daly's Report and Recommendation is again **ADOPTED in its entirety** (Doc. 114); the Motion for Summary Judgment (Doc. 104) is **GRANTED in part and DENIED in part**, and the claims against Defendant Adams are **DISMISSED without prejudice**. Plaintiff shall proceed on Count 1 against Defendants Campanella, Sanford, Murphy, David, Woods, Rankin, and Wexford.

**IT IS SO ORDERED.**

**DATED: October 1, 2019**

**STACI M. YANDLE**
**United States District Judge**